# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

EARLENE YARNELL JONES,
    Plaintiff,

v.                                Case No.: 4:18-CV-00574-MW-CAS

SHAWN INVESTMENTS, LLC, d/b/a
SUBURBAN EXTENDED STAY HOTEL,
    Defendant.
_____/

## FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT

This Fair Labor Standards Act Settlement Agreement ("FLSA Settlement Agreement") is entered into by and between the Plaintiff, EARLENE YARNELL JONES ("Jones") and the Defendant, SHAWN INVESTMENTS, LLC d/b/a SUBURBAN EXTENDED STAY HOTEL ("SHAWN") (Plaintiff and Defendant are together referred to as the "Parties"). This FLSA Settlement Agreement shall be effective on the date the Court dismisses the Civil Action (as defined below) with prejudice ("Effective Date").

## RECITALS

A.    Jones filed a Complaint styled *Earlene Yarnell Jones v. Shawn Investments, LLC d/b/a Suburban Extended Stay Hotel*, which is currently pending in the United States District Court for the Northern District of Florida, Tallahassee Division, Case No. 4:18-CV-00574-MW-CAS (the "Civil Action"), alleging, among other claims, that SHAWN violated the Fair Labor Standards Act ("FLSA") in connection with her employment.

B.    SHAWN denies it is liable to Jones under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of Jones's employment by or relationship with the SHAWN. Jones acknowledges that SHAWN's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing regarding Jones's employment by or relationship with SHAWN;

C.  The Parties are entering into this FLSA Settlement Agreement for the purpose of settling, compromising and resolving Jones's FLSA claim;

D.  The Parties acknowledge that settlement of all claims is in their mutual best interests; and

E.  The Parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties expressly, knowingly and voluntarily agree as follows:

**1.  Recitals:**  The Parties acknowledge that all of the Recitals are incorporated as material parts of this FLSA Settlement Agreement.

**2.  No Admission of Liability:**  Jones agrees and acknowledges that this FLSA Settlement Agreement (including any of its discrete sub-parts) is not and shall not be construed as an admission by SHAWN (or any person or entity acting on its behalf) of any liability or any act or wrongdoing whatsoever, including without limitation, any violation: (1) of any federal, state or local law, statute, regulation, code or ordinance; or (2) of any legal, common law or equitable duty owed by SHAWN to anyone.  Further, SHAWN does not admit: (1) it has violated the FLSA or any other law or regulation; (2) it has any liability under the FLSA or any other law; or (3) that Jones is the prevailing party.

**3.  Settlement Terms:**  Provided Jones timely sign this Agreement and it is approved by the Court, the Defendant, SHAWN INVESTMENTS, LLC, shall pay or cause to be paid, the total sum of $ 12,500.00 ("FLSA Settlement Payment"), in full settlement and satisfaction of Jones's FLSA claim, including, but not limited to, Jones's claims for attorneys' fees and costs.  Within 20 days following the Effective Date, SHAWN shall deliver the settlement checks to Jones's counsel.  The FLSA Settlement Payment shall be made as follows:

    a.  One check made payable to Earlene Yarnell Jones in the amount of $3,750.00 less applicable taxes and withholdings, for wages. A Form W-2 will issue for the payment referenced in this subparagraph 3(a);

    b.  One check made payable to Earlene Yarnell Jones in the amount of $3,750.00, in full satisfaction of Jones's claims for

      liquidated damages. A Form 1099 will issue for the payment referenced in this subparagraph 3(b);

  c. One check made payable to Marie Mattox, P.A. in the amount of $5,000.00 in full settlement of Jones's attorneys' fees and costs. A Form 1099 will issue for the payment referenced in this subparagraph 3(c).

Jones acknowledges that the settlement funds she is receiving (pursuant to both the FLSA and Non-FLSA Settlement Agreements) will compensate her, in full, for any and all claims of wages, back pay, overtime, damages and any other compensation due from SHAWN or any related entities or affiliates at any time during or after Jones's employment with SHAWN.

Jones agrees to provide SHAWN with a completed and signed W-4 and W-9 forms and a completed and signed W-9 form for Marie Mattox, P.A. within three (3) days of her execution of this FLSA Settlement Agreement.

  **4.** **Dismissal:** Jones agrees to take all necessary steps to dismiss the Civil Action with prejudice and without costs or fees. Jones also agrees that she will not seek any costs or fees in conjunction with any filings necessary to dismiss the Civil Action with prejudice.

  **5.** **Release of FLSA Claims:** For consideration that Jones is otherwise not entitled to receive, Jones, on her own behalf and for her spouse, heirs, legal representatives, agents, attorneys, personal representatives, successors or assigns, (collectively "Jones"), covenants not to sue, and expressly releases, and holds harmless the Defendant SHAWN INVESTMENTS, LLC d/b/a SUBURBAN EXTENDED STAY HOTEL, its parent corporations, and its respective members, subsidiaries, affiliates, divisions and related entities, together with all predecessors, successors, and assigns and their respective affiliates and members, all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of the foregoing, both personally and in their respective business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively, "the Releasees" or singularly, "Releasee") from any and all rights, claims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespass damages, judgments, executions, liens, demands, damages, actions, or causes of action of any nature whatsoever arising at law or in equity, which Jones may have had, may now have or may have in the future, both known and unknown, against SHAWN or any

Releasee under the FLSA, from the beginning of the world to the Effective Date of this Agreement, including, but not limited to, any claims that Jones has asserted, or could have asserted under the FLSA.

**6.     Controlling Law, Venue, and Interpretation:** This FLSA Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida, as they are applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary. In addition, Jones acknowledges that jurisdiction and venue over any claims arising under or relating to this FLSA Settlement Agreement shall lie exclusively with the United States District Court for the Northern District of Florida, Tallahassee Division, or, if that court refuses jurisdiction, in any court of competent jurisdiction in Leon County, Florida. At least ten (10) business days prior to commencing an action based on the alleged breach of this FLSA Settlement Agreement, the complaining party must give written notice to the other party via certified mail of that party's intent to file an action.

**7.     Voluntary Acceptance:** Jones represents and acknowledges that she: (1) has consulted with her attorney, Jim Garrity, Esquire prior to executing this FLSA Settlement Agreement; (2) has been represented by Jim Garrity, Esquire in the negotiation of this FLSA Settlement Agreement; (3) has carefully read and fully understands all of the terms of this FLSA Settlement Agreement; (4) has had reasonable time and opportunity to consider this FLSA Settlement Agreement; and (5) has voluntarily entered into this FLSA Settlement Agreement.

**8.     No Reliance:** Jones represents and acknowledges that in executing this FLSA Settlement Agreement, she did not rely and has not relied upon any representation or statement made by SHAWN, or by any of SHAWN's agents, representatives or attorneys with regard to the subject matter, basis or effect of this FLSA Settlement Agreement, other than the promises and representations made in this FLSA Settlement Agreement.

**9.     Interpretation:** The language of all parts of this FLSA Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. The FLSA Settlement Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the FLSA Settlement Agreement. If any portion or provision of the FLSA Settlement Agreement, excluding the release language, is legally determined to be unenforceable, the remainder of the FLSA Settlement Agreement shall not be affected by such determination and shall be valid and

enforceable to the fullest extent permitted by law, and said unenforceable portion or provision shall be deemed not to be a part of the FLSA Settlement Agreement.

**10. Modification of Agreement:** This FLSA Settlement Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties. No waiver of any provision of this FLSA Settlement Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

**11. The Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

**12. Execution in Counterparts:** The Parties acknowledge and agree that the FLSA Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

**13. Authority:** Each party represents that each person executing this FLSA Settlement Agreement on its (or her) behalf has been authorized to sign on behalf of the respective party and to bind it (or her) to the terms of this FLSA Settlement Agreement and that the respective Parties have the power and authority to perform their respective obligations as provided by this FLSA Settlement Agreement.

**14. Entire Agreement:** Together with the Non-FLSA Settlement Agreement, this FLSA Settlement Agreement contains the entire agreement between the Parties regarding resolution of the Civil Action and may be modified only in a writing executed in the same manner as the original FLSA Settlement Agreement. No agreements, representations, or statements of any party relating to their claims not contained in the FLSA Settlement Agreement or Non-FLSA Settlement Agreement shall be binding on such party.

**JONES UNDERSTANDS THAT WHEN SHE SIGNS BELOW, THIS DOCUMENT WILL BECOME A LEGALLY ENFORCEABLE AGREEMENT UNDER WHICH SHE WILL BE GIVING UP RIGHTS AND CLAIMS SHE MAY HAVE, ON THE TERMS STATED IN THIS AGREEMENT.**

**JONES HAS BEEN GIVEN THE OPPORTUNITY TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.**

JONES ACKNOWLEDGES THAT SHE HAS CONSULTED WITH HER ATTORNEY, JIM GARRITY, ESQUIRE AND SIGNS THIS AGREEMENT KNOWINGLY, FREELY AND VOLUNTARILY.

**NOW, THEREFORE,** the Parties have executed this FLSA Settlement Agreement knowingly, freely, and voluntarily as of the dates set forth below.

Dated: 5/23/19

EARLENE YARNELL JONES

Dated: _____

**SHAWN INVESTMENTS LLC**

By: Jack Patel
Its: Owner/General Manager

FIRMWIDE:164302362.1 100772.1001

**JONES ACKNOWLEDGES THAT SHE HAS CONSULTED WITH HER ATTORNEY, JIM GARRITY, ESQUIRE AND SIGNS THIS AGREEMENT KNOWINGLY, FREELY AND VOLUNTARILY.**

**NOW, THEREFORE,** the Parties have executed this FLSA Settlement Agreement knowingly, freely, and voluntarily as of the dates set forth below.

Dated: _____

**EARLENE YARNELL JONES**

Dated: 5/28/19.

**SHAWN INVESTMENTS LLC**

By: Jack Patel
Its: Owner/General Manager

FIRMWIDE:164302362.1 100772.1001